Michael S. Fischman (MF 7245)
mfischman@phillipsnizer.com
Jeremy D. Richardson (JR 7706)
jrichardson@phillipsnizer.com
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

BLOODROSE ENTERPRISES, INC.

Plaintiff,

-against-

CONVERSE, INC., and KINWAY INDUSTRIES (U.S.A.) LTD.,

Defendants.

---------------------------------------------------------------x

**ECF CASE**

Docket No. 07 CV 6445 GBD (HP)

**COMPLAINT and JURY DEMAND**

Bloodrose Enterprises, Inc. ("Bloodrose"), by its attorneys, Phillips Nizer LLP, for its complaint against defendants Converse, Inc. ("Converse"), and Kinway Industries (U.S.A.) LTD. ("Kinway"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for: (i) copyright infringement arising under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; and (ii) Unfair Competition under New York common law.

2. This Court has jurisdiction of this action for defendants' copyright infringement under 28 U.S.C. §§ 1331, and 1338(a).

1011077.3

3. This Court has jurisdiction of this action for defendants' Unfair Competition pursuant to 28 U.S.C. § 1338(b) and on the basis of supplemental jurisdiction.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a). Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

5. Bloodrose is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 2297 Middle Country Road, Suite C, Centereach, New York 11720.

6. Bloodrose is a designer of original, highly stylized and individually designed tattoos. Bloodrose operates a custom tattoo studio for "by appointment only" clients.

7. Converse is, upon information and belief, a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at One High Street, North Andover, Massachusetts.

8. Upon information and belief Converse manufactures, imports, and/or distributes, among other things, footwear.

9. Upon information and belief Converse has sold in the United States and within this district footwear which infringes a copyrighted design owned by Bloodrose as set forth hereinafter.

10. Upon information and belief footwear sold by Converse has come into the stream of commerce within the State of New York and specifically within this district.

11. Upon information and belief Converse transacts business within this district, derives substantial revenue from intrastate and interstate commerce, and has sold footwear which infringes Bloodrose's copyrighted design within this district and also without this district having

injurious consequences to Bloodrose, and Converse is otherwise within the jurisdiction of this Court.

12.     Kinway is, upon information and belief, a corporation duly organized under the laws of the State of New York with a principal place of business at 5 West 8th Street, New York, New York.

13.     Upon information and belief Kinway is in the business of selling, among other things, footwear.  It operates a retail store and a retail (e-commerce) web site and transacts business within this district, derives substantial revenue from intrastate and interstate commerce.

14.     Upon information and belief Kinway has sold footwear which infringes Bloodrose's copyrighted design within this district and also without this district having injurious consequences to Bloodrose, and Kinway is otherwise within the jurisdiction of this Court.

## FACTS COMMON TO ALL CLAIMS

15.     Bloodrose is, and has been, prominent in the creation and application of original, highly stylized and individually designed tattoos for its "by appointment only" clients.  Bloodrose has operated its private client tattoo studio since 2004.

16.     Bloodrose's tattoos are exclusively one-of-a-kind designs for a single client and are usually large scale tattoos.  Thus, it is important to Bloodrose's clients, and crucial to Bloodrose's business in achieving customer loyalty and recommendations, that Bloodrose's designs not be copied or used by anyone other than Bloodrose.

17.     In or about May 2002 Bloodrose created an original work of art for use as a tattoo which Bloodrose named ***Bishamonten Back***  (the "Tattoo").  Bloodrose used the Tattoo exclusively for one of its clients.  A photocopy of the full view and a close up view of the Tattoo and is attached hereto as Exhibit A.

18. Bloodrose first "published" (as that term is defined by the Copyright Act) the Tattoo in or about May 2002.

19. Bloodrose registered the Tattoo with the U.S. Copyright Office under Registration Number VA 1-401-596. A photocopy of the registration certificate for the Tattoo is attached hereto as Exhibit B.

20. The Tattoo is original and copyrightable under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

21. Bloodrose has fully complied in all respects with the provisions of the United States Copyright Act with respect to the Tattoo.

22. At all times since it created the Tattoo, Bloodrose has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

23. At some time after May 2002, upon information and belief, an individual providing design services to Converse discovered a photograph of the Tattoo on the internet.

24. Upon information and belief that individual used a portion of the image of the Tattoo in connection with Converse's Chuck Taylor line of footwear.

25. Upon information and belief Converse approved the use of a portion of the image of the Tattoo.

26. Thereafter, Converse proceeded to manufacture or had manufactured thousands of pairs of footwear incorporating a portion of the image of the Tattoo (the "Infringing Shoes").

27. The portion of the image of the Tattoo used by Converse for the Infringing Shoes is an exact copy of the Tattoo. Attached hereto as Exhibit C is a color photocopy of the Infringing Shoes.

28.     Upon information and belief Converse sold thousands of pairs of the Infringing Shoes to retailers in the United States and elsewhere including retailers who conduct business in the State of New York and within this district.

29.     Kinway is one such retailer who purchased the Infringing Shoes from Converse and sold them within the State of New York and within this district.

**AS AND FOR A FIRST CLAIM**
**VIOLATION OF THE COPYRIGHT ACT**

30.     Bloodrose repeats and realleges each and every allegation set forth in paragraphs 1 through 29 of this Complaint as fully and completely as if set forth herein.

31.     Converse purchased or manufactured and then sold thousands of the Infringing Shoes.

32.     Converse sold thousands of the Infringing Shoes to retailers in the United States and elsewhere.

33.     Converse's use of the Tattoo was without Bloodrose's knowledge or permission.

34.     Upon information and belief, at some time presently unknown, but after May 2002 Converse delivered the Infringing Shoes to its customers including, but not limited to, Kinway.

35.     Upon information and belief, at some time presently unknown but after May 2002 Converse's retail customers including Kinway, through their retail stores and retail web sites, offered for sale and sold the Infringing Shoes in this district and elsewhere in the United States.

36.     Converse, upon information and belief, having full knowledge of Bloodrose's rights or at least in disregard of Bloodrose's rights, willfully infringed Bloodrose's copyright interests in the Tattoo by manufacturing, importing, distributing, selling, offering for sale, promoting and/or advertising the Infringing Shoes without Bloodrose's consent.

37.     All of the above described activities are in violation of Bloodrose's rights under the United States Copyright Act.

5

38. The acts of the Defendants have damaged Bloodrose in an amount as yet unknown and may further damage Bloodrose in such a manner that Bloodrose has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM
## UNFAIR COMPETITION

39. Bloodrose repeats and realleges each and every allegation set forth in paragraphs 1 through 38 of this Complaint as fully and completely as if set forth herein.

40. Bloodrose went to great expense and effort in creating the Tattoo and building a business based upon original, highly stylized and individually designed one-of-a-kind tattoos.

41. As a result of expenditure of money and skill in the development and promotion of tattoos, including the Tattoo, Bloodrose has developed significant customer loyalty and good will.

42. Converse, by its acts, has taken advantage of the knowledge and skill of Bloodrose, and of the good will developed by Bloodrose, and has capitalized upon the market created by Bloodrose for its tattoos.

43. The aforesaid acts of Converse, in manufacturing, distributing, offering for sale and selling and/or causing to be manufactured, distributed, offered for sale and/or sold, the Infringing Shoes, constitute inequitable conduct, unfair trade practices and unfair competition, and are likely to deceive and confuse Bloodrose's customers into believing that the Infringing Shoes are sponsored by, licensed by, endorsed by or are otherwise associated with Bloodrose.

44. Converse's acts constitute misappropriation or attempted misappropriation of Bloodrose's copyrighted Tattoo and the good will and reputation which are associated therewith.

45. Converse has misappropriated Bloodrose's good will and the benefits of Bloodrose's skill and expenditures in the development of the Tattoo and by reason thereof has caused irreparable injury to Bloodrose. Bloodrose's customers who have come to Bloodrose for one-of-a-kind

tattoos with the understanding that the tattoos will not be copied or otherwise commercially exploited have now discovered that the Tattoo has been mass-marketed by Converse on its shoes. This has and will continue to injure Bloodrose as long as any of the Defendants continue to manufacture, distribute, offer to sell and/or sell and/or cause to be manufactured, distributed, offered for sale and sold, the Infringing Shoes.

46. Defendants have manufactured, advertised, promoted, distributed and/or sold the Infringing Shoes without authorization, license or permission from Bloodrose.

47. Defendants' acts have damaged Bloodrose in an amount as yet unknown and may further damage Bloodrose in such a manner that Bloodrose has no adequate remedy at law.

## JURY DEMAND

48. Bloodrose demands trial by jury on all claims and issues.

**WHEREFORE**, Bloodrose Enterprises, Inc., respectfully requests as follows:

(a) that the Defendants, and any other of Converse s customers who purchased the Infringing Shoes, their officers, representatives, agents, servants and all parties in privity with Converse be permanently enjoined from infringing the copyrighted Tattoo as covered by United States Copyright, Registration No. VA 1-401-596 in any manner, including but not limited to, manufacturing, distributing, selling, offering for sale, promoting or advertising any footwear or apparel item embodying the copyrighted Tattoo or portion thereof, or any design substantially similar thereto, or by causing and/or participating in such manufacturing, distributing, selling, offering for sale or promoting any such items;

(b) that the Defendants, and any other of Converse's customers who purchased the Infringing Shoes be required to deliver up for destruction all products in their possession or under their control infringing the copyrighted Tattoo or portion thereof;

      (c)    that the Defendants, and any other of Converse's customers who purchased the Infringing Shoes be required to pay to Bloodrose such damages as have been sustained in consequence of their infringement of the copyrighted Tattoo and to account for all gains, profits and advantages derived by the Defendants, and any other of Converse's customers who purchased the Infringing Shoes from their infringement of the copyrighted Tattoo or portion thereof, or such damages as to the Court shall appear proper within the provisions of the Copyright Act; and

      (d)    that Bloodrose be entitled to such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: New York, New York  
       July 12, 2007

                                                        PHILLIPS NIZER LLP

                                                        By: <u>s/ Michael S. Fischman</u>  
                                                        Michael S. Fischman (MF 7245)  
                                                        Jeremy D. Richardson (JR 7706)  
                                                        Attorneys for Plaintiff  
                                                        666 Fifth Avenue  
                                                         New York, New York 10103-0084  
                                                         (212) 977-9700

1011077.3