UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOODROSE ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>CONVERSE, INC., KINWAY INDUSTRIES (U.S.A.), LTD., and CORBIS CORPORATION,<br><br>Defendants.<br><br>CONVERSE, INC. and KINWAY INDUSTRIES (U.S.A.), LTD.,<br><br>Counterclaimants,<br><br>-against-<br><br>BLOODROSE ENTERPRISES, INC.<br><br>Counterclaim Defendant. | Civil Action No. 07 CV 6445 GBD (HP)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendants, CONVERSE, INC. ("Converse") and KINWAY INDUSTRIES (U.S.A.), LTD. ("Kinway," and, collectively with Converse, "Defendants"), through their undersigned counsel, Kelley Drye & Warren LLP, as and for its Answer to the Complaint of BLOODROSE ENTERPRISES, INC. ("Plaintiff" or "Bloodrose"), hereby avers as follows:

1. Admit in respect of Paragraph 1 of the Complaint that Bloodrose has instituted an action for copyright infringement and for unfair competition, but denies that the action has any merit or validity whatsoever, and except as so admitted, deny each and every other allegation contained therein.

2. Admit the allegations of Paragraph 2 of the Complaint.

NY01/MARCM/1231337.1

3. Admit the allegations of Paragraph 3 of the Complaint.

4. Admit the allegations of Paragraph 4 of the Complaint.

5. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint, and therefore deny the same.

6. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint, and therefore deny the same.

7. Admit in respect of Paragraph 7 of the Complaint that Converse has a principal place of business at One High Street, Andover, Massachusetts, and except as so admitted, deny each and every other allegation contained therein.

8. Admit in respect of Paragraph 8 of the Complaint that Converse distributes and imports, among other things, footwear, and except as so admitted, deny each and every other allegation contained therein.

9. Deny the allegations of Paragraph 9 of the Complaint..

10. Admit the allegations of Paragraph 10 of the Complaint.

11. Admit in respect of Paragraph 11 of the Complaint that Converse transacts business within this district and derives substantial revenue from interstate commerce, and except as so admitted, denies each and every other allegation contained therein.

12. Admit the allegations of Paragraph 12 of the Complaint.

13. Admit the allegations of Paragraph 13 of the Complaint.

14. Deny the allegations of Paragraph 14 of the Complaint.

15. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, and therefore deny the same.

16. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 16 of the Complaint, and therefore deny the same.

17. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint, and therefore deny the same.

18. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint, and therefore deny the same.

19. Admit in respect of Paragraph 19 of the Complaint that a photocopy of a photograph of a tattoo is attached to the Complaint as Exhibit A, and except as so admitted, deny each and every other allegation contained therein.

20. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint, and therefore deny the same.

21. Admit in respect of Paragraph 19 of the Complaint that a photocopy of a copyright registration certificate for number VA 1-401-596 is attached to the Complaint as Exhibit B, and except as so admitted, deny each and every other allegation contained therein.

22. Deny the allegations of Paragraph 22 of the Complaint.

23. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 23 of the Complaint, and therefore deny the same.

24. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 24 of the Complaint, and therefore deny the same.

25. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 25 of the Complaint, and therefore deny the same.

26. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint, and therefore deny the same.

27. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and therefore deny the same.

28. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint, and therefore deny the same.

29. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint, and therefore deny the same.

30. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 30 of the Complaint, and therefore deny the same.

31. Admit in respect of Paragraph 31 of the Complaint that an employee of Converse saw a photograph of a tattoo on Corbis' website, and except as so admitted, deny each and every allegation of Paragraph 31 of the Complaint.

32. Admit in respect of Paragraph 32 of the Complaint that on or about June 29, 2005, Corbis and Converse entered into a license agreement (the "License") relating to a photograph of a tattoo which permitted Converse to use that image on up to 25,000 units of apparel between June 1, 2006 and December 1, 2006, and except as so admitted, deny each and every allegation of Paragraph 32 of the Complaint.

33. Admit in respect of Paragraph 33 of the Complaint that Converse paid to Corbis $1,145.00 under the License, and, except as so admitted, deny each and every allegation of Paragraph 33 of the Complaint.

34. Deny the allegations of Paragraph 34 of the Complaint.

35. Deny the allegations of Paragraph 35 of the Complaint.

36. Deny the allegations of Paragraph 36 of the Complaint.

37. Deny the allegations of Paragraph 37 of the Complaint.

38. Deny the allegations of Paragraph 38 of the Complaint.

39. Deny the allegations of Paragraph 39 of the Complaint.

40. Deny the allegations of Paragraph 40 of the Complaint.

41. Admit in respect of Paragraph 41 of the Complaint that a photograph of a shoe distributed by Converse is attached to the Complaint as Exhibit C, and, except as so admitted, deny each and every allegation of Paragraph 41 of the Complaint.

42. Deny the allegations of Paragraph 42 of the Complaint.

43. Deny the allegations of Paragraph 43 of the Complaint.

44. Deny the allegations of Paragraph 44 of the Complaint

45. In respect of Paragraph 45 of the Complaint, incorporate by reference their responses to Paragraphs 1 through 44 of the Complaint.

46. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 46 of the Complaint, and therefore deny the same.

47. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 47 of the Complaint, and therefore deny the same.

48. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 48 of the Complaint, and therefore deny the same.

49. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 49 of the Complaint, and therefore deny the same.

50. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 50 of the Complaint, and therefore deny the same.

51. In respect of Paragraph 51 of the Complaint, incorporate by reference their responses to Paragraphs 1 through 44 and 46 through 50 of the Complaint.

52. Deny the allegations of Paragraph 52 of the Complaint.

53. Deny the allegations of Paragraph 53 of the Complaint .

54. Deny the allegations of Paragraph 54 of the Complaint.

55. Deny the allegations of Paragraph 55 of the Complaint.

56. Deny the allegations of Paragraph 56 of the Complaint.

57. Deny the allegations of Paragraph 57 of the Complaint.

58. Deny the allegations of Paragraph 58 of the Complaint.

59. Deny the allegations of Paragraph 59 of the Complaint.

60. In respect of Paragraph 60 of the Complaint, incorporate by reference their responses to Paragraphs 1 through 44, 46 through 50, and 52 through 59 of the Complaint.

61. In respect of Paragraph 61 of the Complaint, admit that the License was entered into in the United States, and except as so admitted, deny each and every allegation of Paragraph 61 of the Complaint.

62. Deny the allegations of Paragraph 62 of the Complaint.

63. Deny the allegations of Paragraph 63 of the Complaint.

64. Deny the allegations of Paragraph 64 of the Complaint.

65. Deny the allegations of Paragraph 65 of the Complaint.

66. Deny the allegations of Paragraph 66 of the Complaint.

67. Deny the allegations of Paragraph 67 of the Complaint.

68. Deny the allegations of Paragraph 68 of the Complaint.

69. Deny the allegations of Paragraph 69 of the Complaint.

70. Deny the allegations of Paragraph 70 of the Complaint.

71. Deny the allegations of Paragraph 71 of the Complaint.

72. In respect of Paragraph 72 of the Complaint, incorporate by reference their responses to Paragraphs 1 through 44, 46 through 50, 52 through 59, and 61 through 71 of the Complaint.

73. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 73 of the Complaint, and therefore deny the same.

74. Lack knowledge or information sufficient to admit or deny the allegations of Paragraph 74 of the Complaint, and therefore deny the same.

75. Deny the allegations of Paragraph 75 of the Complaint..

76. Deny the allegations of Paragraph 76 of the Complaint.

77. Deny the allegations of Paragraph 77 of the Complaint.

78. Deny the allegations of Paragraph 78 of the Complaint.

79. Deny the allegations of Paragraph 79 of the Complaint.

80. Deny the allegations of Paragraph 80 of the Complaint.

81. Deny the allegations of Paragraph 81 of the Complaint.

82. Deny the allegations of Paragraph 82 of the Complaint.

83. Deny the allegations of Paragraph 83 of the Complaint

84. Deny that Bloodrose is entitled to the relief prayed for in its complaint.

**AFFIRMATIVE DEFENSES**

85. The claims alleged in the Complaint are barred by the applicable statute of limitations.

86. The claims alleged in the Complaint are barred by the equitable doctrines of laches, unclean hands and estoppel.

87. Copyright Registration Number VA 1-401-596 (the "Registration") is invalid, unenforceable, and of no force and effect, as the work which is the subject of the Registration (a) did not constitute work original to Bloodrose; (b) was not created by Bloodrose; (c) had been independently created by others or (d) was created with Bloodrose as a co-author; (e) was taken from the public domain, constitutes *scènes à faire*, or was based upon preexisting works of others; (f) was not copyrightable subject matter; or (g) was never published.

88. Defendants have not copied, reproduced, modified, or prepared any works derivative of any protectible elements of Bloodrose's asserted works, and, therefore, have not infringed any of Bloodrose's copyrights.

89. There is either no substantial similarity between the accused works and Bloodrose's copyrighted work or any claimed similarities are not of protectible expression.

90. Even if the accused works are found to incorporate any protectible elements of Bloodrose's asserted work, such use constitutes fair use.

91. Bloodrose is not entitled to any relief because it has not suffered any harm or incurred any damages as a result of any actions of Defendants.

92. The Complaint fails to state a claim for which the relief sought may be granted.

## COUNTERCLAIMS

Defendant/Counterclaimants Converse, Inc. ("Converse") and Kinway Industries (U.S.A.) Ltd. ("Kinway," and collectively with Converse, "Counterclaimants")., through their attorneys Kelley Drye & Warren LLP, for their counterclaims against Bloodrose Enterprises, Inc. ("Bloodrose"), alleges as follows:

### Nature of the Case

1. This is an action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and the Copyright Act, 17 U.S.C. § 101 *et seq.*, to resolve an actual controversy between Counterclaimants and Bloodrose concerning whether Copyright Registration No. VA 1-401-596 for "Bishamonten Back" (the "Registration") is valid and subsisting, and whether Counterclaimants have infringed said copyright.

## The Parties

2.      Counterclaimant Converse is a Delaware corporation with an office at One High Street, North Andover, MA 01845.

3.      Counterclaimant Kinway is a New York corporation with an office at 5 West 8th Street, New York NY 10011.

4.      Upon information and belief, Counterclaim Defendant Bloodrose is a New York corporation with its principal place of business at 2297 Middle Country Road, Suite C, Centereach, New York 11720.

## Jurisdiction and Venue

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 2201 as a declaratory judgment action for noninfringement and invalidity arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7.      Bloodrose submitted to the jurisdiction of this Court by filing the Complaint and Amended Complaint in this action.

## COUNT I

### Declaratory Judgment of Noninfringement

8.      Counterclaimants repeat and reallege the allegations contained in paragraphs 1 through 7 of these Counterclaims as though fully set forth herein.

9.      An actual and justiciable controversy exists between Counterclaimants and Bloodrose as to infringement of the work under the Registration, as demonstrated by Bloodrose's institution of the present suit.

10. Counterclaimants have not infringed, contributed to the infringement of, or induced others to infringe the asserted work.

11. The actions and assertions made by Bloodrose that Counterclaimants are infringing Bloodrose's copyright have caused and will continue to cause damage and irreparable harm to Counterclaimants.

12. By reason of the foregoing, the Court should declare that the conduct Bloodrose alleges of Counterclaimants in the Amended Complaint does not constitute copyright infringement.

## COUNT II
### Declaratory Judgment of Invalidity

13. Counterclaimants repeat and reallege the allegations contained in paragraphs 1 through 12 of these Counterclaims as though fully set forth herein.

14. An actual and justiciable controversy exists between Counterclaimants and Bloodrose as to the validity of the Registration, as demonstrated by Bloodrose's institution of the present suit.

15. The work allegedly protected by the Registration: (a) did not constitute work original to Bloodrose; (b) were not created by Bloodrose; (c) had been independently created by others or (d) created with Bloodrose as a co-author; (e) was taken from the public domain, is *scènes à faire*, or was based upon preexisting works of others; (f) was not copyrightable subject matter; or (g) was never published.

16. Bloodrose has used the Registration in a manner that violates the purpose of the copyright laws, including using copyrights to gain rights in unprotectible material.

17. The actions and assertions by Bloodrose that the Registration is valid have caused and will continue to cause damage and irreparable harm to Counterclaimants.

18. By reason of the foregoing, the Court should declare that the Registration is invalid, void, unenforceable, and of no force and effect and that Bloodrose has not acquired any valid copyright in or to the asserted work.

19. The Court should also declare that the Registration is void as a result of Bloodrose's misuse.

## PRAYER FOR RELIEF

**WHEREFORE,** Counterclaimants respectfully pray that this Court:

A. Dismiss the Amended Complaint in its entirety, with prejudice;

B. Declare that Counterclaimants and their officers, employees, and agents have not infringed and are not infringing the work allegedly protected by U.S. Copyright Registration No. VA 1-401-596;

C. Declare that the purported copyright of Bloodrose is invalid, void, and unenforceable, and of no force and effect, and that Bloodrose has acquired no valid copyright in the purported work;

D. Award Counterclaimants their reasonable attorneys' fees and all costs incurred in this action; and,

E. Award Counterclaimants such other and further relief as this Court deems just, equitable, and proper.

Dated: August 30, 2007

KELLEY DRYE & WARREN LLP

*/s/ Paul W. Garrity*

Paul W. Garrity
Matthew D. Marcotte
101 Park Avenue
New York, NY 10178
(212) 808-7800

Attorneys for Defendants/Counterclaimants
CONVERSE, INC. and KINWAY
INDUSTRIES (U.S.A.) LTD.